ORIGINAL

Receipt No. 071710

FILED
DEC 10 2010
U.S. COURT OF FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHARLES P. ADKINS ) | | |
| and ) | | |
| JANE E. ADKINS, ) | | |
| Plaintiffs, ) | | |
| v. ) | CASE NO. | 10-851 T |
| UNITED STATES OF AMERICA ) | | |
| Defendant, ) | | |

**COMPLAINT FOR REFUND OF TAXES**

PLAINTIFFS hereby allege as follows:

 1.  Plaintiffs are residents of the Commonswealth of Virginia, County of Fairfax, their social security numbers are xxx-xx-7261 and xxx-xx-1064 (a non-redacted social security number has been attached on a separate sheet on the Service copy of this complaint).

 2.  This is a claim arising under Section 7472(a) of the Internal Revenue Code of 1986, an act of Congress for liquidated damages.

 3.  Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1346(a)(1).

 4.  Plaintiffs (herein after called the Adkins) suffered losses as victims of a fraudulent investment scheme perpetrated by Donald & Co. Securities, Inc. (hereinafter called Donald).

 5.  Donald was a broker-dealer of securities registered with the Securities and Exchange Commission (SEC) and the National Association of Securities Dealers (NASD). Its

principal office was located in Tinton Falls, N.J.

6. On or about May, 1999, Steven Ingrassia and Slava Volman, together with others entered into an agreement with Donald to open a branch office in Garden City, N.Y.

7. Said branch was to facilitate trading in a security by setting a price quotation and holding itself out as prepared to buy and sell certain quantities of the securities for its own account.

8. Said branch employed stockbrokers, who purchased and sold securities for the firm's customers. Steven Ingrassia and Slava Volman managed said branch and supervised its stockbrokers.

9. Steven Ingrassia and Slava Volman together with others (hereinafter called "Responsible Parties") from approximately May, 1999 through July, 2002 devised and executed a scheme to manipulate the market price of stocks traded on the NASDQ Small Capitalization Stock Market and Over the Counter Bulletin Board Market.

10. To carry out this scheme, the Responsible Parties acquired large positions in various companies (herein called "house stocks") at low prices and then induced clients into buying those shares at inflated prices.

11. Responsible Parties were indicted and convicted for violating the Securities and Exchange Act for (A) making false and material fraudulent representations concerning house stocks; (B) using high-pressure and deceptive sales tactics; (C)

making unauthorized trades in client accounts; (D) refusing to execute customer sales ordres; (E) executing sales orders only if they could matched with a purchase of the same stock by another client; (F) paying excessive, undisclosed commissions to brokers for inducing customers to purchase the stock.

12.  The Adkins lost over $2 Million as a result of said fraudulent investment scheme.

13.  Donald and the Responsible Parties induced the Adkins to invest in various stocks with baseless predictions of future performance, illegally touting future events which never occurred, and never disclosed the financial condition of the stocks to the Adkins.

14.  Donald and the Responsible Parties refused to sell stocks when directed to do so and urged them to margin off their holdings.

15.  In February, 2000, the Adkins position in one stock, MyTurn, was approximately $3 Million.

16.  At said time, Donald and the Responsible Parties refused to liquidate the Adkins position in MyTurn only selling a small fraction of the shares.

17.  Over the next 8 months, MyTurn decreased significantly in value.  The Responsible Parties used discretionary trading authority to purchase an additional 25,000 shares for the account, while taking a profit on those shares sold to the Adkins.

18.  Because of the actions of Donald and the

responsible parties the asset value of the account fell to less than $100,000. The Adkins lost more than $1 Million in cash and lost stock worth $800,000 transferred into their account to meet margin calls.

19. On November 7, 2002, the Admins initiated arbitration with Donald with the NASD. The NASD suspended the arbitration when Responsible Parties were indicted by the Defendant in 2004.

20. At that point, the Defendant seized the funds of Donald and the Responsible Parties and it was only at that point clear to Plaintiffs that they would never get their money back and had no reasonable prospect for receiving monies.

21. In 2006, the Adkins filed amended returns for the 2001, 2002, 2003, and 2004 taxable years. For 2004, the Adkins reported a theft loss of $2,118,725 and sought to recover $115,736 in taxes and carried back the losses as follows: For 2001, they claimed an net operating loss of $1,657,955 and requested a refund of $177,707; for 2002 they claims a net operating loss of $1,106,899 and sought a refund of $71,621.00; and for 2003, the Adkins claims a net operating loss o f$826,215 and sought a refund of $24,021.

22. On December 12, 2008, the Internal Revenue Service, a division of the United States Department of the Treasury, denied the refund claims with respect to 2001, 2003, and 2004 tax years totalling $317,458 by notice of dissallowance sent to the Adkins.

23. WHEREFORE, Plaintiff requests judgment against the Defendant in the sum of $317,458 or such other amount as may be subsequently shown due Plaintiff, together with interest as provided by law, costs, and disbursements of this proceeding including attorneys fees allowable under Section 7430 of the Internal Revenue Code of 1986.

                                       CHARLES P. ADKINS and JANE E. ADKINS

                                                 By Counsel

Dated: 12/10/2010

                                       John F. Rodgers
                              REDMON, PEYTON & BRASWELL, LLP
                                510 King Street, Suite 301
                                 Alexandria, VA 22314
                                   (703) 684-2000
                                     Counsel for Plaintiff